UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M Company,

        Plaintiff,

v.

Icuiti Corporation,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-2945 ADM/RLE

_____

William G. Barber, Esq., Fulbright & Jaworski LLP, Austin, TX, and Timothy M. Kenny, Esq., Fulbright & Jaworski LLP, Minneapolis, MN, argued for and on behalf of Plaintiff.

Edward M. Laine, Esq., Oppenheimer Wolff & Donnelly LLP, Minneapolis, MN, argued for and on behalf of Defendant.

_____

## I. INTRODUCTION

On March 8, 2006, oral argument before the undersigned United States District Judge was heard on Defendant Icuiti Corporation's ("Defendant" or "Icuiti") Motion to Dismiss for Lack of Jurisdiction or, Alternatively, To Transfer to a More Convenient Forum [Docket No. 3]. In its Complaint [Docket No. 1], Plaintiff 3M Company ("Plaintiff" or "3M") alleges trademark infringement and dilution, unfair competition, and unjust enrichment claims against Icuiti. Because this Court has jurisdiction over Icuiti and transfer is inappropriate, Icuiti's Motion is denied.

## II. BACKGROUND[1]

Defendant Icuiti is a Delaware corporation with offices and its principal place of business

---

[1] For purposes of the instant Motion, the facts are viewed in the light most favorable to the nonmoving party. See Digi-Tel Holdings, Inc. v. Proteq Telecommunications, 89 F.3d 519, 522 (8th Cir. 1996); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

in Rochester, New York.  Compl. ¶ 2.  Icuiti's only other office is located in Tokyo, Japan. Travers Aff. [Docket No. 6] ¶ 6.  The focus of this Motion centers on Icuiti's contacts with Minnesota.  Icuiti has no employees, representatives, or agents in Minnesota.  Id. ¶¶ 7-8.  Icuiti's advertising has not specifically targeted Minnesota.  Id. ¶ 7.  Icuiti does maintain a website that offers information on its five product lines.  Id. ¶¶ 9-10.  One of the product lines is sold on the website.  Id. ¶ 10.  In 2005, Icuiti made seven sales to Minnesota customers.  Id. ¶ 13.  Five of the sales occurred over Icuiti's website; the other two were made through SkyMall, a catalog distributed on many domestic airlines.  Id.

### III. DISCUSSION

**A.     Standard of Review**

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant."  Digi-Tel Holdings, 89 F.3d at 522.  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  Dakota Indus., Inc. v. Dakota Sportswear, Inc. 946 F.2d 1384, 1387 (8th Cir. 1991).  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.     Personal Jurisdiction**

Icuiti argues the instant case should be dismissed based on a lack of personal jurisdiction. Because Icuiti is a Delaware corporation headquartered in New York, jurisdiction is proper only if Minnesota's long-arm statute is satisfied and the exercise of personal jurisdiction does not offend due process. Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003). As Minnesota's long-arm statute extends jurisdiction over nonresident defendants to the fullest extent allowed by the Due Process Clause, the only determination to be made is whether the exercise of personal jurisdiction violates due process considerations. Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998). Due process requires minimal contacts with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Eighth Circuit has set forth a five factor test to determine whether minimal contacts exist sufficient to meet due process considerations:

> (1) The nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Guinness Import Co., 153 F.3d at 614.

Here, the contacts between Icuiti and Minnesota are not disputed. The contacts consist solely of seven sales Icuiti made to Minnesota residents in 2005. Five of these contacts were made over Icuiti's website; the remaining two were made from a national catalog. In Lakin v. Prudential Sec., Inc., the Eighth Circuit adopted the Zippo test for personal jurisdiction based on Internet contacts. 348 F.3d 704, 710-11 (8th Cir. 2003).

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has

>simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

Id., quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

The contacts between Icuiti and its Minnesota customers made over Icuiti's website fall closer to the end of the spectrum in which a defendant "clearly does business over the Internet" than the passive end of the spectrum. Although it does not appear from the record that Icuiti repeatedly transmitted computer files over the Internet to its customers, it most certainly advertised its products to residents across the country, including Minnesota, and entered into contracts for the purchase of goods with Minnesota residents. Icuiti's website includes Minnesota as a shipping destination, and collects payment information over the website. This activity is sufficient for Icuiti to reasonably anticipate being haled in a Minnesota court. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Under similar factual circumstances, other courts have found jurisdiction based on limited sales over the Internet. Rainy Day Books, Inc. v. Rainy Day Books & Café, L.L.C., 186 F. Supp. 2d 1158, 1163-65 (D. Kan. 2002) (applying Zippo test; citing cases in which courts have found the existence of personal jurisdiction based on website purchases). In addition to its contacts with Minnesota over its website, Icuiti advertises in SkyMall, a magazine distributed in 26 airlines, including Minnesota-based Northwest Airlines. Portinga Decl. [Docket No. 21] ¶¶ 9-10, Exs. G-H.

Moreover, because in a trademark infringement case such as the instant action, the cause of action is directly related to the contacts between the defendant and forum, personal

jurisdiction is supported. 3M alleges that Icuiti's advertising, promotions, and shipment of goods bearing its name relate directly to the claim of trademark infringement. <u>Multi-Tech Sys., Inc. v. VocalTec Commc'ns, Inc.</u>, 122 F. Supp. 2d 1046, 1051-52 (D. Minn. 2000); 15 U.S.C. §§ 1114(1), 1125(a)(1). Therefore, the contacts cited by 3M in support of jurisdiction satisfy the relation of the cause of action to the contacts factor of <u>Guinness Imports</u>.

Finally, the remaining minimal contacts factors are either neutral or weigh in favor of finding jurisdiction. Minnesota has a strong interest in assuring its citizens have a forum to remedy trademark infringement. <u>Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.</u>, 943 F. Supp. 1117, 1124 (D. Minn. 1996), <u>aff'd</u>, 130 F.3d 1305 (8th Cir. 1997). As for the convenience of the parties, as discussed below, this factor favors neither party. Finally, as noted by 3M, the <u>Calder</u> effects test also weighs in favor of jurisdiction. <u>Dakota Indus., Inc.</u>, 946 F.2d at 1391 (trademark infringement action citing <u>Calder v. Jones</u>, 465 U.S. 783 (1984) for the proposition that jurisdiction is proper where the effects of a tort are felt).

Because all of the minimal contacts factors weigh in favor of 3M or are neutral, 3M has made a prima facie showing of personal jurisdiction. Icuiti's Motion to Dismiss is denied.

**C.     Venue Transfer to New York**

In the alternative to their Motion to Dismiss for lack of personal jurisdiction, Icuiti argues for transfer of venue to the Western District of New York. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, a plaintiff's choice of forum is given presumptive weight, and therefore, motions to transfer "should not be freely granted." <u>In re Nine Mile Ltd.</u>, 692 F.2d 56, 61 (8th Cir. 1982) (overruled

on other grounds).  In analyzing a motion to transfer, federal courts employ a three factor balancing test: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

### 1.   Convenience of the Parties

Icuiti argues it is more significantly inconvenienced by litigating in Minnesota than 3M would be if the case were transferred to New York.  However, Icuiti has a high bar to clear to demonstrate inconvenience.  Icuiti avers that, in comparison to 3M, they are a relatively small company likely to incur significant costs from travel and business disruptions if the case remains in Minnesota.  However, no allegation is made that, should venue remain in Minnesota, Icuiti will be unable to adequately defend their rights, much less be deprived of their day in court.  Furthermore, if 3M seeks to depose Icuiti, it must do so in New York.  As a result, this factor does not strongly favor either party.

### 2.   Convenience of the Witnesses

Icuiti argues the convenience of the witnesses weighs in favor of transfer, identifying numerous potential witnesses located in New York.  3M's witnesses, meanwhile, mostly reside in Minnesota.  Consequently, a change in forum will simply shift the burden from Icuiti to 3M.  As a result, this factor also does not strongly favor either party.

### 3.   Interests of Justice

Finally, Icuiti argues the interests of justice favor a transfer to New York.  Five factors are to be considered in the interests of justice determination: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum,

(4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, 119 F.3d at 696.

As to the first factor and last factors, Icuiti contends judicial economy and questions of local law suggest New York is a more appropriate forum because the lawsuit contains a claim under § 390-1 of the New York General Business Law for dilution of a mark. Because a claim has been alleged under New York law, Icuiti contends a New York court will be more familiar with New York law. The bulk of the lawsuit, however, is based on federal law. Moreover, all federal courts are frequently called upon to interpret laws of other states. Here, there are no evident special circumstances to suggest this Court can not appropriately apply New York law.

As to the second factor, Icuiti claims 3M's choice of forum should not be given significant weight because of the relative lack of contacts with Minnesota. However, as discussed above, the contacts are sufficient to support jurisdiction. Thus, this factor weighs in favor of 3M.

Icuiti argues its costs will be lower by litigating in New York. However, should this case reach trial, it is not expected to be a long trial, and the cost to Icuiti should be reasonable. Moreover, if the case is transferred to New York, 3M will suffer the same inconveniences currently facing Icuiti. Again, this is another neutral factor.

The fourth factor, enforcement of a judgment, favors neither party, as a judgment obtained in either state may be enforced in the other. The fifth and sixth factors also favor neither party. Because none of the seven factors considered in the interests of justice analysis strongly favor Icuiti, and neither the costs to the parties or witnesses strongly favor Icuiti, the

Court finds transfer to New York to be inappropriate in this action.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Icuiti Corporation's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, To Transfer to a More Convenient Forum [Docket No. 3] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 1, 2006.